TRUCK INSURANCE EXCHANGE, Appellant,

v.

E.H. MARTIN, INC., individually and d/b/a E & M Constructions Co.; Ernest Martin, individually and d/b/a Ernest Martin Co. and Terry J. Lawley, Appellees.

No. 10–93–163–CV.

Court of Appeals of Texas, Waco.

Sept. 29, 1993.

Julia Pendery, Cowles & Thompson, P.C., Dallas, for appellant.

Michael Falick, Kirkendall & Collins, Houston, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

ORDER

PER CURIAM.

On July 20, 1993, the court signed a judgment in favor of the Martins and Lawley. In the absence of a motion for new trial or motion to modify, correct, or reform the judgment, an appeal bond was due on August 19. *See* TEX.R.APP.P. 41; TEX.R.CIV.P. 329b(g). Truck Insurance Exchange learned of the signing of the judgment on August 4, fifteen days later. *See* TEX.R.APP.P. 5(b)(4); TEX.R.CIV.P. 306a(4). On the same day, it forwarded a motion to modify, correct, or reform the judgment by letter addressed to "Mrs. Irene Garrett, Court Administrator, 82nd District Court, Post Office Box 75, Marlin, Texas 76661." The motion was received by the court administrator on August 5, but was not file-stamped by the clerk until September 1. Truck Insurance Exchange's appeal bond was filed with the District Clerk on September 3, at which time it also filed with the clerk of this court a motion to extend the time to file the bond.

If the motion to modify, correct, or reform the judgment was timely filed, then the appeal bond has been timely filed. *See* TEX.R.CIV.P. 329b(g). On the other hand, if the motion to modify, correct, or reform the judgment was not timely filed, the appeal bond was not timely filed, but the motion to extend the time to file the appeal bond was. *See* TEX.R.APP.P. 41.

Rule 21 of the Rules of Civil Procedure provides that pleadings, pleas, motions and applications to the court for an order, whether in the form of a motion, plea or other form of request, unless presented during a hearing

or trial, *shall be filed with the clerk of the court* in writing. TEX.R.CIV.P. 21. The record before us reflects that Larry R. Hoelscher is the Clerk of the District Court of Falls County but does not reflect that Irene Garrett is a deputy clerk. *See* TEX.GOV'T.CODE ANN. § 51.309 (Vernon 1988). Thus, it appears from the record that the judgment became final on August 19 because no motion for new trial or motion to modify, correct, or reform the judgment had been filed *with the clerk* by that date. *See* TEX.R.CIV.P. 329b. However, because a motion to extend the time to file the appeal bond was filed with the clerk of this court *and* the appeal bond was filed with the District Clerk within fifteen days after the due date, we may extend the time. *See* TEX.R.APP.P. 41(a)(2).

The motion is granted. The time to file the appeal bond is extended to and including September 3, the date on which Truck Insurance Exchange filed its appeal bond with the District Clerk.